IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH C. SNELLINGS,

        Plaintiff,

v.                                                        Case No. 20-2352-JWB

PINNACLE HEALTH FACILITIES XVIII, LP,
PCPMG HOLDINGS, LLC, PREFERRED CARE, INC.,
PCPMG OF KANSAS LLC, PCPMG CONSULTING, LLC,
JAMIE COLLIER, and THOMAS D. SCOTT,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's motion to dismiss without prejudice (Doc. 47.) Although the motion indicates that Defendant Pinnacle Health Facilities XVIII, LP, would not agree to the dismissal (*Id.* at 4), no Defendant has filed a response to the motion and the time for doing so has passed. For the reasons stated herein, Plaintiff's motion is GRANTED.

**I.    Facts**

Plaintiff Joseph Snellings was a resident of Pinnacle Ridge HCRC Olathe LLC (the "nursing home"), a nursing home located in Olathe, Kansas. (Doc. 28 at 1.) On or about June 1, 2019, Plaintiff suffered an avoidable pressure ulcer that later became a stage four pressure ulcer. Plaintiff suffered permanent injuries as a result. Plaintiff has brought claims of negligence against several entities and individuals relating to the care he received while in the facility. Plaintiff filed this action based on diversity jurisdiction as Plaintiff is a citizen of Kansas and the current Defendants are citizens of other states. (*Id.* at 10) (citing 28 U.S.C. § 1332(a)(1)).

1

Plaintiff now moves to dismiss this matter without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) because evidence obtained during discovery has led Plaintiff to believe that other entities are also liable under Kansas law. The addition of these entities to this action, however, would destroy diversity jurisdiction. Plaintiff seeks a dismissal without prejudice so that Plaintiff may refile this action in Kansas state court. (Doc. 47 at 7.) Although the court may grant the motion as uncontested under this court's rules, the court finds that the motion should also be granted on the merits. D. Kan. R. 7.4.

**II.     Analysis**

After a defendant has filed an answer, as in this case, a plaintiff may voluntarily dismiss an action only upon an order of the Court. Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quotation omitted). Absent legal prejudice to a defendant, the district court should normally grant a motion for voluntary dismissal under Rule 41(a)(2). *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

In ruling on a Rule 41(a)(2) motion, the Tenth Circuit has instructed the court to consider the following "practical" factors: "'the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation.'" *Brown*, 413 F.3d at 1124 (quoting *Ohlander*, 114 F.3d at 1537)). Notably, "prejudice does not arise simply because a second action has been or may be filed against the defendant...." *Id.* (citation omitted). Also, the fact that Plaintiff will more than likely refile this matter in state court does not amount to prejudice, "especially when state law is involved." *Am. Nat. Bank & Tr. Co. of Sapulpa v. Bic Corp.*, 931

F.2d 1411, 1413 (10th Cir. 1991). Here, although one Defendant indicated an objection to the motion, no Defendant has filed an opposition brief to support a finding of prejudice. This matter is in the early stages of discovery which would support a determination that there is no prejudice to dismissing the action at this stage. Moreover, given the statements in Plaintiff's motion, the court finds that Plaintiff has been diligent and provided a sufficient explanation for dismissal. The court finds that the factors weigh in favor of granting Plaintiff's motion to dismiss, without prejudice.

### III. Conclusion

Plaintiff's motion to dismiss without prejudice (Doc. 47) is GRANTED. Defendant Thomas Scott's motion to dismiss for lack of personal jurisdiction (Doc. 38) is DENIED AS MOOT.

This matter is dismissed, without prejudice.

IT IS SO ORDERED. Dated this 8th day of March 2021.

                                                                           s/ John W. Broomes
                                                                           JOHN W. BROOMES
                                                                           UNITED STATES DISTRICT JUDGE